20-489
*FIH, LLC v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

Present:
>DEBRA ANN LIVINGSTON,
>>*Chief Judge*,
>REENA RAGGI,
>GERARD E. LYNCH,
>>*Circuit Judges*.

---

FIH, LLC,

>*Plaintiff-Appellant*,

>v.                                                    20-489

DEAN BARR, JOSEPH MEEHAN,

>*Defendants-Appellees*,

THOMAS WARD, JOSEPH ELMLINGER, FOUNDATION CAPITAL PARTNERS LLC, FKA FOUNDATION MANAGING MEMBER LLC,

>*Defendants*.

---

For Plaintiff-Appellant:                JEFFREY Q. SMITH, Phillips Nizer LLP, New York, NY

For Defendants-Appellees:     JOSEPH MICHAEL PASTORE III, Pastore & Dailey LLC, Stamford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 9, 2020 judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant FIH, LLC ("FIH") appeals from a district court judgment following a jury verdict for Defendants-Appellees Dean Barr ("Barr") and Joseph Meehan ("Meehan," and together with Barr, "Defendants") on FIH's claim under section 10(b) of the Securities Exchange Act of 1934.    FIH sued Barr, Meehan, Defendant Foundation Capital Partners LLC ("Foundation"), and others, asserting a federal securities claim and several Connecticut state claims, arguing that they misrepresented facts to deceive FIH into investing in Foundation.    The district court initially granted Defendants' motion for summary judgment on FIH's federal claim and declined supplemental jurisdiction over its state law claims.    *See FIH, LLC v. Found. Cap. Partners LLC*, No. 15-CV-785, 2018 WL 638997, at *16 (D. Conn. Jan. 31, 2018) ("*FIH I*").    On appeal, we vacated that decision.    *See FIH, LLC v. Found. Cap. Partners LLC*, 920 F.3d 134 (2d Cir. 2019) ("*FIH II*").    After again declining supplemental jurisdiction over the state claims, the district court held a jury trial on FIH's federal claim against Barr and Meehan.[1]    The jury returned a verdict for Defendants.    FIH argues on appeal that the district court failed to follow this Court's mandate in *FIH II* and abused its discretion by declining supplemental jurisdiction over its state law claims.    FIH also argues that various errors during the trial require a new trial on the federal claim.    We assume the parties' familiarity with the underlying facts, the procedural history of the

---

[1] The other defendants—except for Foundation, which never appeared in this action—settled with FIH before trial and are thus not parties to this appeal.

case, and the issues on appeal, which we reference here only as necessary to explain our decision to affirm.

## A. Supplemental Jurisdiction

### 1. Mandate Rule

At the start, we are not persuaded that the district court defied *FIH II*'s mandate. "A district court must follow the mandate issued by an appellate court." *Havlish v. 650 Fifth Ave. Co.*, 934 F.3d 174, 181 (2d Cir. 2019).[2] In following a mandate, the lower court must "carry out its duty to give the mandate full effect. . . . But the mandate is controlling only as to matters within its compass. When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court." *In re Coudert Bros. LLP*, 809 F.3d 94, 98 (2d Cir. 2015). A mandate "precludes relitigation" only of matters "expressly decided" or "impliedly resolved by the appellate court." *Id.* at 99. "We review *de novo* a district court's compliance with our mandate." *Kotler v. Jubert*, 986 F.3d 147, 159 (2d Cir. 2021).

FIH argues that the district court failed to comply with *FIH II*'s mandate by declining supplemental jurisdiction over its state law claims. We disagree. The mandate in *FIH II* said nothing about FIH's state law claims. We said there: "[W]e VACATE the judgment of the district court granting summary judgment in favor of appellees, and REMAND for further proceedings." *FIH II*, 920 F.3d at 146. *FIH II* is otherwise silent regarding FIH's state law claims, noting only in the procedural history section that "the district court granted defendants' motions for summary judgement as to FIH's federal securities law claims, and declined to exercise supplemental jurisdiction over its state-law claims." *Id.* at 140. Thus, we agree with the district

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

3

court that this brief discussion did not expressly decide any issue related to the state law claims or require the court to exercise supplemental jurisdiction over those claims. *See FIH, LLC v. Found. Cap. Partners LLC*, No. 15-CV-785, 2019 WL 5394576, at *3 (D. Conn. Oct. 22, 2019) ("*FIH III*"). Thus, the district court did not fail to follow our mandate by declining supplemental jurisdiction over FIH's state law claims.

## 2. District Court's Decision on Remand

Nor are we persuaded that the district court abused its discretion by declining supplemental jurisdiction over FIH's state law claims on remand. If a district court "determine[s] that a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy, supplemental jurisdiction over the related claim is mandatory." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018); *see* 28 U.S.C. § 1367(a). "[W]here section 1367(a) is satisfied, the discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of subsection 1367(c)." *Catzin*, 899 F.3d at 85. As relevant here, section 1367(c) provides that:

> The district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "If one of the § 1367(c) categories applies, the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction." *Catzin*, 899 F.3d at 85. In any event, "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote . . . economy, convenience, fairness, and comity." *Id.* "We review for abuse of discretion a district court's decision not to

exercise supplemental jurisdiction over state law claims." *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 475 (2d Cir. 2021).

FIH argues that the district court abused its discretion under § 1367(c) by declining supplemental jurisdiction over the state law claims on remand, once the federal claim had been reinstated. We are not persuaded. In its original summary judgment opinion, which was vacated on appeal, the district court declined to exercise supplemental jurisdiction because it granted summary judgment on the federal claim and had therefore "dismissed all claims over which it ha[d] original jurisdiction." *FIH I*, 2018 WL 638997, at *15 (quoting 28 U.S.C § 1367(c)(3)). But the district court also noted that "although discovery ha[d] been completed, the parties' briefing on the viability of the state law claims was perfunctory." *Id.* at *16. The district court further observed that "there is now pending in the Connecticut State Superior Court a related action, filed by Dean Barr, with substantial factual overlap with this matter." *Id.* The district court concluded,

> [g]iven the parties' brevity in briefing the state law claims, the possibility that novel questions of state law may arise—which is difficult for the Court to accurately ascertain due to the limited briefing—and the fact that a pre-trial conference has not yet been held, the Court finds that the values of judicial economy, convenience, fairness, and comity would best be served by declining to exercise supplemental jurisdiction over the remaining state law claims and permitting Plaintiff to refile those claims in state court, where the related matter remains pending.

*Id.*

On remand, after we vacated the district court's summary judgment ruling in *FIH II*, the district court considered whether to exercise supplemental jurisdiction again. The district court correctly observed that *FIH II* "did not offer any analysis as to the propriety of this Court's discretionary dismissal of the state law claims." *FIH III*, 2019 WL 5394576, at *3. The district court also rightly noted that it had "authority to decline to exercise supplemental jurisdiction as

5

there is 'no violation [of the mandate rule] where [a] lower court addresse[s] on remand an issue that was not decided by this Court in the original appeal' as is the case here." *Id.* (alterations in original) (quoting *Coudert*, 809 F.3d at 99). The district court then "conclude[d] that its [prior] dismissal of the state law claims—for reasons of efficiency, comity, and novelty—remains in place." *Id.*

We conclude that the district court adequately reconsidered whether to exercise supplemental jurisdiction on remand and did not abuse its discretion by declining to hear the state law claims.[3] By invoking its prior dismissal, the district court, in effect, incorporated the prior discussion from its summary judgment opinion into its evaluation of whether to exercise supplemental jurisdiction upon remand. As discussed above, the district court had there noted the "possibility that novel questions of state law may arise." *FIH I*, 2018 WL 638997, at *16. After remand, the district court reiterated its view that the state law claims at issue were possibly novel. *FIH III*, 2019 WL 5394576, at *3. While a specific identification of novel issues is often helpful to appellate review, on the record here, we conclude that, upon reconsideration, the district court adequately grounded its decision to dismiss the state law claims in section 1367(c)(1), which permits a district court to decline supplemental jurisdiction if state law claims "raise[] . . . novel or complex issue[s] of State law." 28 U.S.C. § 1367(c)(1).

The district court was then required to consider whether dismissing the state law claims promoted "economy, convenience, fairness, and comity." *Catzin*, 899 F.3d at 85. The district court did so by invoking "efficiency" and "comity." *FIH III*, 2019 WL 5394576, at *3. We

---

[3] Although the district court stated that "its dismissal of the state law claims . . . remain[ed] in place," this Court understands from the record as a whole that the district court performed anew the analysis under section 1367(c) upon remand, such that the district court's dismissal of FIH's state law claims was effective on October 22, 2019, the date of the district court's "Declination Order."

6

discern no abuse of discretion in the district court's decision to again decline supplemental jurisdiction over FIH's state law claims.[4]

## B. Jury Instructions

FIH next challenges the district court's jury instructions regarding reasonable reliance, an element of FIH's section 10(b) claim. *See Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 82 (2d Cir. 2021). "We review jury instructions *de novo* but reverse only if we determine that the instructions, taken as a whole, prejudiced" the party challenging the instruction. *United States v. Delgado*, 971 F.3d 144, 156 (2d Cir. 2020). "[A] trial court has discretion in the style and wording of jury instructions so long as the instructions, taken as a whole, do not mislead the jury as to the proper legal standard" or fail to "adequately inform the jury of the law." *Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 390 (2d Cir. 2006). "For a verdict to be set aside based on an erroneous jury charge, the appellant must show that the error was prejudicial in light of the charge as a whole." *Mirlis v. Greer*, 952 F.3d 36, 44 (2d Cir. 2020).

The district court adequately instructed the jury regarding reliance. FIH argues that the district court's instruction about disclaimers did not adequately track *FIH II*'s holding that "[s]tanding alone . . . a general disclaimer (still less a general merger clause) is not sufficient as a matter of law to preclude reasonable reliance on material factual misrepresentations, even by a sophisticated investor." *FIH II*, 920 F.3d at 141. But the district court instructed the jury that

---

[4] FIH also argues that the district court's decision to decline supplemental jurisdiction prejudiced the trial of its federal law claim so as to require a new trial on this claim. We have concluded that the district court did not err in declining to exercise supplemental jurisdiction, so the district court's alleged error on this issue is no basis for a new trial on FIH's federal claim. But even if the district court *had* erred, FIH has not shown that it suffered legally cognizable prejudice in the trial on its federal law claim based on the dismissal of its independent state law claims. Indeed, if the claims had been tried together, the district court would have instructed the jury on the differences between the federal and state claims to ensure that the jury evaluated the claims independently.

"*[r]egardless of any disclaimer, a party may still have reasonably relied on a misrepresentation if the facts proved to be misrepresented are particularly within the defendants' knowledge.*" App'x 558 (emphasis added). Thus, consistent with *FIH II*, the district court told the jury that disclaimers did not preclude reasonable reliance. FIH would no doubt have preferred a more forceful instruction regarding reliance, but "there is no requirement that jury instructions be favorable to a party." *Mirlis*, 952 F.3d at 45. Because the instruction the district court gave did not "mislead[] the jury as to the correct legal standard" or fail to "adequately inform the jury of the law," the district court's instruction regarding reliance was legally proper. *Tardif v. City of N.Y.*, 991 F.3d 394, 410 (2d Cir. 2021).

## C. Evidentiary Issues

FIH challenges two of the district court's evidentiary decisions. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 7 F.4th 50, 62 (2d Cir. 2021). "Whether an evidentiary error implicates a substantial right depends on the likelihood that the error affected the outcome of the case. Thus, an evidentiary error in a civil case is harmless unless the appellant demonstrates that it is likely that in some material respect the factfinder's judgment was swayed by the error." *Id.* at 62–63.

### 1. Economic Loss

FIH contends that it was prejudiced by the district court's failure to prevent Defendants from arguing that FIH did not suffer an economic loss because a separate legal entity, Laz May 10, paid for FIH's investment in Foundation. We need not decide whether it was proper for the district court to permit Defendants to make this argument because we conclude that FIH has not shown "that it is likely that in some material respect the factfinder's judgment was swayed by the

8

error." *Id.* at 63.   The district court instructed the jury that "the entity that holds an interest in a security suffers an economic loss if the investment experiences a decline in value."   App'x 559. In other words, the district court instructed the jury that it should find that FIH suffered an economic loss if it determined that FIH owned the investment interest in Foundation, regardless of the source of investment funds, and that this investment declined in value.   Accordingly, even assuming it was error for the district court to permit Defendants to make this argument, we conclude that the district court's instruction effectively cured any prejudice to FIH from this assumed error.[5]

### 2. Hearsay

Nor are we persuaded by FIH's argument that the district court erred by excluding an email from Greg Dyra to Nesanel Milstein as hearsay.   "Whether certain evidence is hearsay is generally a question of law that is reviewed *de novo*."   *Chowdhury v. WorldTel Bangl. Holding, Ltd.*, 746 F.3d 42, 54 (2d Cir. 2014).   But "a district court's hearsay rulings based upon factual findings or the exercise of its discretion warrant additional deference."   *United States v. Ferguson*, 676 F.3d 260, 285 (2d Cir. 2011).   "The trial court's ultimate decisions as to the admission or exclusion of evidence are reviewed for abuse of discretion."   *Davis v. Velez*, 797 F.3d 192, 201 (2d Cir. 2015).

---

[5]  FIH also argues that the district court failed to adequately instruct the jury regarding economic loss.   At the charging conference, FIH's counsel said that the district court's instruction on economic loss was "fine with us."   App'x 532.   "Where a party accepts an amended charge, his original objection to the charge is unpreserved and this court reviews for plain error."   *Rasanen v. Doe*, 723 F.3d 325 (2d Cir. 2013). Moreover, even assuming that FIH's objection had been properly preserved, it is without merit.   FIH complains that the district court's instruction did not adequately inform the jury that FIH could suffer an economic loss even though it was not the purchaser of the security.   But the district court *did* so inform the jury by instructing that "the entity that holds an interest in a security suffers an economic loss if the investment experiences a decline in value."   App'x 559.

Even reviewing the district court's decision on this issue *de novo*, we conclude that the district court did not err in excluding the email as hearsay. The contested email stated that Milstein's "initial feel [sic] is of being misled." App'x 723. FIH first argues that this email was not hearsay because it was not offered for its truth. We are not persuaded. FIH sought to offer the email to show that Milstein felt misled, which is precisely what the email asserts. Thus, the district court properly concluded that the email was offered for a hearsay purpose and did not err by excluding it.

A declarant-witness's prior statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony and is offered . . . to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." Fed. R. Evid. 801(d)(1)(B)(i). In their opening statement, Defendants argued that FIH was aware of the information contained in the Soothsayer Memo before it made its investment. In contrast, both Nesanel Milstein and Greg Dyra testified at trial that they felt deceived by Defendants when they received the Soothsayer Memo because they had not previously known about the information contained therein. Thus, per Rule 801(d)(1)(B)(i), the email was arguably admissible to support FIH's contention that its reliance on Defendants' claims regarding the health of Foundation and the working relationship of its managers was not a *post hoc* invention after the investment failed to generate returns.

However, assuming without deciding that exclusion of the email was error, any such error was harmless. Both Milstein and Dyra testified that they felt deceived by Defendants' actions. Dyra testified that upon receiving the Soothsayer Memo, he shared the information with Milstein, that the "new information" was "a revelation that [FIH] had not anticipated]," that he informed

10

defendants that FIH felt misled, and that he memorialized that sentiment in writing.   App'x 364–65.   "An error is harmless only when we are persuaded it did not influence the jury's verdict." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 56 (2d Cir. 2012).   The jury had a fair opportunity to assess the witnesses' credibility, and while admission of the email might have corroborated Dyra's testimony, its exclusion is unlikely to have significantly affected the jury's assessment of the totality of the evidence.

### D. Defense Counsel's Alleged Misconduct

FIH finally argues that it is entitled to a new trial on its federal securities claim because of defense counsel's allegedly improper remarks to the jury in his opening and closing statements. "[A] party seeking a new trial on the basis of opposing counsel's improper statements to the jury faces a heavy burden, as rarely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal."   *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005).   "[W]here the jury's verdict finds substantial support in the evidence, counsel's improper statements will frequently be *de minimis* in the context of the entire trial."   *Id.*   "Not every improper or poorly supported remark made in summation irreparably taints the proceedings; only if counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury, should a new trial be granted."   *Matthews v. CTI Container Transp. Int'l Inc.*, 871 F.2d 270, 278 (2d Cir. 1989).   Moreover, "[w]here claimed error was not objected to contemporaneously, . . . we will examine it on appeal only for 'plain error.'"   *Marcic*, 397 F.3d at 124.   Under that standard, "a new trial will be granted only for error that was so serious and flagrant that it goes to the very integrity of the trial."   *Id.*   "And we have warned that the plain error exception should only be invoked with extreme caution in the civil context."   *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 18 (2d Cir. 1996).

11

FIH has not carried its exceedingly heavy burden to show that a new trial is warranted based on defense counsel's allegedly improper remarks. FIH did not object to these remarks during trial, so we review them for plain error. FIH has not shown that defense counsel's comments, even if improper, compromised the integrity of the trial. FIH first objects to defense counsel's characterization of FIH's investment in Foundation as "spinning a roulette wheel" or "buying a lottery ticket." We are not persuaded that these comments were at all improper, as they were part of defense counsel's argument that FIH knew the investment in Foundation was risky. That argument was relevant to the "reasonable reliance" element of FIH's claim. And even if we assume that these comments were improper, FIH has not shown that these remarks compromised the integrity of the trial. The same is true of FIH's arguments based on a laundry list of other supposedly improper remarks, including references to Defendants' religion. These one-off remarks do not come close to showing that the trial was so unfair that a new trial is warranted.

FIH also complains that defense counsel repeatedly referred to the Milstein family's wealth. As with defense counsel's comments characterizing FIH's investment in Foundation as high-risk, statements concerning the Milstein family's wealth were part of a strategy challenging FIH's reasonable reliance. Although some of these comments—such as that the Milsteins belonged to a "billionaire family" that was attempting to "buy justice"—may have crossed the line, we are not persuaded that they were so inflammatory that a new trial is warranted. Notably, FIH's counsel also referred to the large sums of money Barr and Meehan pocketed by virtue of their work for Foundation. Given that context, the references to the Milsteins' wealth—while not to be commended—are unlikely to have affected the jury's verdict.

\*       \*       \*

12

We have considered FIH's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court